Wong v New York City Empls.' Retirement Sys. (2025 NY Slip Op 01332)

Wong v New York City Empls.' Retirement Sys.

2025 NY Slip Op 01332

Decided on March 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 11, 2025

Before: Webber, J.P., Kapnick, González, Scarpulla, Michael, JJ. 

Index No. 652297/23|Appeal No. 3864, M-596|Case No. 2024-05062|

[*1]Wayne Wong, et al., Plaintiffs-Appellants,
v
New York City Employees' Retirement System, et al., Defendants-Respondents. Empire Center for Public Policy, Inc., and Government Justice Center, Inc., Amici Curiae.

Gibson, Dunn & Crutcher LLP, New York (Akiva Shapiro of counsel), for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York (Elina Druker of counsel), for respondents.
Government Justice Center, Inc., Albany (Cameron J. Macdonald of counsel), for Amici Curiae.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about July 3, 2024, which granted the motion of defendants the New York City Employees' Retirement System, Teachers' Retirement System of the City of New York, and Board of Education Retirement System of the City of New York to dismiss the complaint, unanimously affirmed, without costs.
On this pre-answer motion to dismiss, plaintiffs have failed to establish standing (see Deutsche Bank Natl. Trust Co. v Umeh, 145 AD3d 497, 497 [1st Dept 2016]), because as recipients of a defined benefit retirement plan, plaintiffs were entitled to receive a "fixed payment each month" that did "not fluctuate with the value of the plan or because of the plan fiduciaries' good or bad investment decisions" (Thole v U.S. Bank N.A., 590 US 538, 540 [2020]). Moreover, absent an injury, there was "little to be gained from an abstract challenge to alleged fiduciary misconduct at the cost of the plan and those participants who did not bring (and may not approve of) the suit" (David v Alphin, 704 F3d 327, 336 [4th Cir 2013]). Although this Court is "not bound to adhere to federal standing requirements" (US Bank N.A. v Nelson, 36 NY3d 998, 1003 n 4 [2020] [Wilson, J., concurring]), under New York law, plaintiffs must nevertheless demonstrate that they suffered an "injury in fact" (Matter of Mental Hygiene Legal Serv. v Daniels, 33 NY3d 44, 50 [2019] [internal quotation marks omitted]). Plaintiffs' reliance on the common law of trusts is unavailing, as defined benefit plans are "more in the nature of a contract," whereby the benefits under such plans "are fixed and will not change, regardless of how well or poorly the plan is managed. The benefits paid to the participants in a defined-benefit plan are not tied to the value of the plan" (Thole, 590 US at 542-543).
The crux of plaintiffs' claim, that defendants breached their fiduciary duties as plan trustees by divesting the plan of fossil-fuel based investments in order to allocate more to "green" investments, is speculative and "insufficient to trigger judicial intervention" (New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 214 [2004] [internal quotation marks omitted]; see Matter of Bolofsky v City of N.Y., 205 AD3d 515, 516 [1st Dept 2022] [finding no standing to bring claims where risk of "harm is entirely conjectural"]). Discretion to make investment decisions for public retirement systems is vested in politically accountable trustees, and their exercise of that authority cannot be encroached upon by the Legislature or the courts (see Sgaglione v Levitt, 37 NY2d 507, 512-513 [1975]). Here, particularly based on the documentary evidence and the absence of any support for the allegation that the plans might be unable to cover their obligations to retirees, or that the City will be unable to cover any shortfall, plaintiffs' arguments are speculative.
We have considered plaintiffs' remaining contentions and find them unavailing.
M-596[*2]— Wong et al. v New York City Employees' Retirement Sys. et al.
Motion for leave to file an amicus brief, granted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2025